# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

LARRY B. ZIEGLER
REG #20513-009                                                                                             PLAINTIFF

V.                                           2:05CV00189 JTR

JACKIE PRINCE, Medical Officer,
FCI, Forrest City, Arkansas; and
S. CANTRELL, Correctional Officer                                                                DEFENDANTS

## ORDER OF DISMISSAL[1]

Plaintiff, who is currently incarcerated at the Federal Correctional Complex located in Forrest City, Arkansas, has commenced this *pro se* action alleging that Defendants violated the Federal Tort Claims Act ("FTCA") and his constitutional rights, as protected by *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), when they: (1) failed to provide him adequate medical care for a torn rotator cuff in his shoulder; and (2) retaliated against him by issuing a false disciplinary charge and transferred him to another unit. *See* docket entries #1 and #6.

On May 16, 2006, Defendants filed a Motion for Summary Judgment[2] and Supporting Brief arguing, among other things, that the case should be dismissed, without prejudice, because Plaintiff

---

[1] On March 23, 2006, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #26.

[2] Defendants actually filed a "Motion to Dismiss." *See* docket entry #31. However, because Defendants' Motion included supportive documentation, the Court notified the parties that it was construing it as a Motion for Summary Judgment. *See* docket entry #33; *see also* Fed. R. Civ. P. 12(b) (providing that, if "matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

failed to exhaust his administrative remedies.[3]  *See* docket entries #31 and #32.  On May 18, 2006, the Court gave Plaintiff thirty days to file a Response to Defendants' Motion.  *See* docket entry #33.  Importantly, the Court advised Plaintiff that his failure to timely and properly do so would result in the dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).[4]  *Id.*

On June 28, 2006, the Court granted Plaintiff a thirty-day extension to file his Response.  *See* docket entry #36.  Once again, the Court reminded Plaintiff that his failure to timely and properly do so would result in the dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).  *Id.*  As of the date of this Order, Plaintiff has failed to comply with the Court's June 28, 2006 Order or file a second Motion requesting an extension of time to file his Response to Defendants' Motion for Summary Judgment.

IT IS THEREFORE ORDERED THAT:

1.  Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's June 28, 2006 Order.

---

[3]  Specifically, Defendants argued that: (1) Plaintiff failed to exhaust his administrative remedies, as required by the FTCA and the Prison Litigation Reform Act; (2) Plaintiff named the wrong defendant in regard to his FTCA claim; (3) Defendants are entitled to sovereign immunity on the *Bivens* claims brought against them in their official capacities; and (4) Plaintiff cannot prevail, as a matter of law, on his *Bivens* claims.  *See* docket entries #31 and #32.

[4] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. <u>If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.</u> Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

2.	Defendants' Motion for Summary Judgment (docket entry #31) is DISMISSED, AS MOOT.

3.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE